*Philo D. Mickles* v. *The Rochester City Bank et al.* D. CADY AND E. GRIFFIN, for complainant ; E. PESHINE SMITH, for defendant. The chancellor decided, in this case, that to a bill filed under the 38th section of the article of the revised statutes relative to proceedings against corporations in equity (2 R. S. 463,) to declare the surrender of its corporate rights and privileges and to obtain a decree of dissolution &c., the corporation is a necessary party. <span style="font-size:smaller">Corporation when a necessary party.</span>

That under that section, the non user and suspension of business by a corporation for a year does not cause a dissolution of the corporation, *ipso facto* ; but that the corporation continues to exist, notwithstanding, until the surrender of its franchises has been duly declared by a court of law, upon a proceeding by quo warranto; or by a decree of this court. <span style="font-size:smaller">Corporation not dissolved by non user.</span>

And that until such a judgment or decree has been entered, declaring the surrender of the corporate franchises, and the dissolution of the corporation, any creditor has a right to proceed by suit against the corporation and its property, to obtain satisfaction of his debt, in the same manner as if the alleged surrender by insolvency or non user had not occurred. <span style="font-size:smaller">Creditors may sue corporation until a decree of dissolution.</span>

That the court of chancery has power to declare and decree the surrender of the corporate rights and franchises, and to decree the dissolution of corporations which are not moneyed corporations, in all cases coming within the provisions of the 38th section of the statute (2 R. S. 463,) upon a bill filed by a creditor or stockholder. <span style="font-size:smaller">Power of the court to decree dissolution,</span>

Decretal order appealed from affirmed with costs, and proceedings remitted.

*Cyrus W. Field* v. *Benjamin Jacocks.* D. D. FIELD, for complainant ; N. B. BLUNT, for defendant. Motion to dissolve injunction denied with costs, and injunction continued to the hearing.